FILED
United States Court of Appeals
Tenth Circuit

December 22, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GREGORY E. GRAHAM,

      Defendant-Appellant.

No. 08-8041
(D.C. No. 2:05-CR-00078-ABJ-2)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Defendant-appellant Gregory E. Graham, a federal prisoner proceeding

pro se, appeals the district court's denial of his motion filed pursuant to 18 U.S.C.

§ 3582(c)(2) to modify his sentence based on Amendment 706 to the United

States Sentencing Guidelines ("Guidelines").  Mr. Graham may not seek a

sentence reduction under § 3582(c), however, because his sentence was part of a

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea agreement specifying a term of imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Accordingly, his case is remanded to the district court with instructions to dismiss his motion for lack of jurisdiction.

*Background*

The facts leading to Mr. Graham's arrest and eventual plea agreement are described in his direct criminal appeal. *United States v. Graham*, 466 F.3d 1234, 1235-37 (10th Cir. 2006). Therefore, we provide only a brief background to frame the issues presented in the instant appeal.

Mr. Graham and several others were charged with conspiracy to possess and distribute more than 1.5 kilograms of cocaine base (Count 1), and Mr. Graham was also charged with distribution of 7.1 grams of cocaine base (Count 5). The case proceeded to trial. After six days, during which almost all of the government's evidence was presented, Mr. Graham decided to enter a guilty plea to Count 5–the distribution charge–by entering an oral plea agreement that included a stipulated twenty-five year sentence. *See id.* at 1235. His conviction and sentence were affirmed on appeal. *Id.* at 1241.

Thereafter, Mr. Graham filed a motion to reduce his sentence. The district court denied the motion, concluding that the amount of crack cocaine attributable to Mr. Graham made him ineligible for relief under Amendment 706. Mr. Graham appeals.

*Legal Standards and Analysis*

This court has jurisdiction to review the district court's denial of Mr. Graham's § 3582(c) motion. *United States v. Trujeque*, 100 F.3d 869, 870-71 (10th Cir. 1996) (citing 28 U.S.C. § 1291). "We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). We construe liberally pleadings filed by pro se litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Graham filed his motion for sentence reduction under § 3582(c)(2) based on Amendment 706 to the Guidelines. "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008).

When, as here, a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (quotation and brackets omitted). Section 3582(c) provides that a district court "may not modify a term of imprisonment once it has been imposed," unless the request falls within one of three exceptions. § 3582(c). The first exception requires that the Director of the Bureau of Prisons file the motion based on specified conditions. § 3582(c)(1)(A).

Second, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B). The third exception applies to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

Section 3582(c) does not apply to Mr. Graham. First, the motion to reduce his sentence was not filed by the Director of the Bureau of Prisons. Second, he is not eligible for relief "expressly permitted by statute" or by Rule 35. *See* Fed. R. Crim. P. 35 (stating relief available to correct clear error within seven days after sentencing, or upon motion filed by the government). Finally, because Mr. Graham's sentence was stipulated to be twenty-five years under the terms of the plea agreement, pursuant to Rule 11(c)(1)(C), his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2). Consequently, the district court lacked jurisdiction to consider the motion and should have dismissed it "without considering its merits." *Trujeque*, 100 F.3d at 871.

*Conclusion*

The district court was without jurisdiction to consider Mr. Graham's § 3582(c)(2) motion, and the motion should have been dismissed for lack of jurisdiction. Therefore, this matter is remanded with instructions to dismiss the motion for lack of jurisdiction.

Entered for the Court


Michael R. Murphy
Circuit Judge