FILED
United States Court of Appeals
Tenth Circuit

January 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

No. 12-8031

GREGORY E. GRAHAM,

        Defendant-Appellant.

**Appeal from the United States District Court
for the District of Wyoming*
(D.C. No. 2:05-CR-00078-ABJ-2)**

Submitted on the briefs:

Christopher A. Crofts, United States Attorney, District of Wyoming, Cheyenne,
Wyoming; David A. Kubichek, Assistant United States Attorney, District of Wyoming,
Casper, Wyoming, for Plaintiff-Appellee

Gregory E. Graham, Pro Se, Defendant-Appellant

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

**O'BRIEN**, Circuit Judge.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted
without oral argument.

Gregory E. Graham was previously convicted of distributing crack cocaine and sentenced under a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to 25 years' incarceration. *United States v. Graham*, 304 F. App'x 686, 687 (10th Cir. 2008). Proceeding pro se, he now appeals from the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c).[1]

In his motion, he contended his sentence should be reduced in light of the Fair Sentencing Act of 2010 (FSA) and Amendment 750 to the United States Sentencing Guidelines. The FSA "reduced the disparity in sentencing between crack cocaine and powder cocaine offenses, and increased the threshold quantity of crack cocaine required to prompt a mandatory minimum sentence." *United States v. Wilson*, No. 12-1033, 2012 WL 3217606, at *1 (10th Cir. Aug. 9, 2012) (unpublished); *see* Fair Sentencing Act of 2010, P.L. 111-220 § 2, 124 Stat. 2372, 2373. Amendment 750 retroactively "altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums [in] the FSA." *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012) (quotations omitted).

---

[1] Graham previously filed a 18 U.S.C. § 3582(c) motion seeking a reduction in sentence based on Amendment 706 to the United States Sentencing Guidelines, which also retroactively reduced sentences for crack cocaine offenses. *Graham*, 304 F. App'x at 6887. We concluded, as we do here, § 3582(c) did not apply because he was sentenced under a Rule 11(c)(1)(C) agreement. *Id.* at 688. Although the district court denied the motion, we concluded the district court lacked jurisdiction to even consider it. *Id.*

After appointing counsel to brief the court on the applicability of the Supreme Court's recent opinion in *Freeman v. United States*,[2] the district court denied Graham's motion. The court reasoned his sentence was determined by his plea agreement rather than by reference to the Guidelines.

## DISCUSSION

Graham contends he is entitled to a sentence reduction because (1) his sentence falls within the ambit of Amendment 750 and (2) the conduct for which he was convicted is no longer punishable under the harsh penalties of the statute under which he was sentenced, 21 U.S.C. § 841(b)(1)(B)(iii), but, rather, under the more lenient punishments associated with § 841(b)(1)(C).[3] Because he argues without the aid of counsel, we have read his pleadings liberally. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). And, because the scope of a district court's authority under § 3582(c)(2) is a question of law, our review of the district court's order is de novo. *See United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010). But a district

---

[2] 131 S. Ct. 2685 (2011).

[3] Graham admitted distributing 7.1 grams of crack cocaine. *United States v. Graham*, 466 F.3d 1234, 1235-36 (10th Cir. 2006). According to his brief, when he was sentenced, distribution of 5 grams or more of crack cocaine triggered harsher penalties associated with 21 U.S.C. § 841(b)(1)(B)(iii) than the more lenient penalties associated with § 841(b)(1)(C). He claims the FSA amended the statute under which he was convicted to require distribution of 28 grams or more to trigger the harsher penalties.

court may modify a sentence when it is statutorily authorized to do so. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997); *see Freeman v. United States*, 131 S. Ct. 2685, 2690-91 (2011) (plurality op.). Under 18 U.S.C. § 3582(c)(2), a district court may, on a defendant's motion, reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In *Freeman*, the Supreme Court addressed whether defendants, like Graham, who plead guilty under a Fed. R. Crim. P. 11(c)(1)(C) agreement are also entitled to seek a reduction in sentence under 18 U.S.C. § 3582(c)(2) when the otherwise-applicable Guideline is retroactively amended. *See Freeman*, 131 S. Ct. at 2690-91. Rule 11(c)(1)(C) permits the defendant and prosecution to propose "a specific sentence or sentencing range [as] the appropriate disposition of the case." That sentence or sentencing range "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

The question of whether defendants sentenced under a Rule 11(c)(1)(C) agreement are entitled to retroactive reductions in the Guidelines proved fractious for the *Freeman* Court. The *Freeman* plurality, which gathered four supporting votes, concluded such defendants were entitled to sentence reductions because the district court must always, in determining whether to accept a plea agreement, rely on the Guidelines to determine whether the proposed sentence is acceptable. 131 S. Ct. at 2692.

The *Freeman* dissent, which also gathered four votes, concluded a term of imprisonment imposed under a Rule 11(c)(1)(C) agreement is "'based on' the agreement

- 4 -

itself." *Freeman*, 131 S. Ct. at 2701 (Roberts, C.J., dissenting) (quoting *id.* at 2696 (Sotomayor, J., concurring)). Thus, the dissent reasoned, such a term of imprisonment is not based on any Guideline and would not be subject to reduction even if the otherwise-applicable Guideline is retroactively amended. *Id.* at 2701, 2703 (Roberts, C.J., dissenting).

Justice Sotomayor's concurrence charted a middle ground between the plurality and the dissent. She observed Rule 11(c)(1)(C) permits the parties to "agree that a specific sentencing range is the appropriate disposition of the case." *Id.* at 2696-97 (Sotomayor, J., concurring). If the parties do so, she reasoned, the imposed sentence is "'based on' the agreed-upon sentencing range." *Id.* Accordingly, when the Rule 11(c)(1)(C) plea is based on a Guideline sentencing range that is retroactively amended, the defendant is entitled to the amendment. *Id.* at 2697-99. But, when the plea deal does not "use" or "employ" a Guideline sentencing range, the defendant is not entitled to the benefit of the amendment. *See id.*

Attempting to make sense of the three separate *Freeman* opinions, the district court relied on *Marks v. United States*, 430 U.S. 188 (1977). Under *Marks*, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those [m]embers who concurred in the judgment on the narrowest grounds." 430 U.S. at 193 (quotations omitted). Applying this rule, the district court concluded Justice Sotomayor's concurrence "represents the Supreme Court's holding." (R. Vol. II at 128.)

Every federal appellate court to consider the matter has reached the same conclusion, and we agree: Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Court's holding.  *See United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011), *cert. denied*, 133 S. Ct. 212 (2012); *United States v. Weatherspoon*, 696 F.3d 416, 422 (3rd Cir. 2012); *United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1003 (2012); *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *United States v. Dixon*, 687 F.3d 356, 359-60 (7th Cir. 2012); *United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012); *United States v. Austin*, 676 F.3d 924, 927 (9th Cir. 2012).

Applying *Freeman*'s holding, the district court found Graham's sentence was not based on a Guideline sentencing range but on the terms of his plea agreement.  Therefore, it denied Graham's § 3582(c)(2) motion.  We agree Graham's sentence is not based on any Guideline range. Indeed, the "law of the case" doctrine requires this conclusion. Under the "law of the case" doctrine, when a court rules on an issue of law, the ruling "should continue to govern the same issues in subsequent stages in the same case."[4] *Arizona v. California*, 460 U.S. 605, 618 (1983).  In our analysis of his previous § 3582(c)(2) motion, we concluded:

> [B]ecause Mr. Graham's sentence was stipulated to be twenty-five years

---

[4] Although we have identified three narrow rationales justifying deviation from the doctrine, none appear to apply here.  *See McIlravy v. Kerr-McGee Coal Corp.,* 204 F.3d 1031, 1035 (10th Cir. 2000).

under the terms of the plea agreement, pursuant to Rule 11(c)(1)(C), his
sentence was not 'based on a sentencing range that has subsequently been
lowered by the Sentencing Commission.'

*Graham*, 304 F. App'x at 688 (quoting 18 U.S.C. § 3582(c)(2)). We see no reason to

depart from this prior ruling.[5] Graham's sentence was based solely on the parties'

agreement for a 25-year sentence rather than any Guideline sentencing range.

To the extent Graham contends his sentence is untenable in light of the more

lenient crack cocaine sentencing regime the FSA enacted, the district court properly

declined to consider the contention in the context of his § 3582(c) motion.[6] Section

3582(c) does not empower district courts to modify sentences to conform to amendments

to the statutes under which defendants were convicted. *See* 18 U.S.C. § 3582(c); *United

States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996); *see also* 18 U.S.C. §

3582(c)(1)(B) (authorizing district courts to modify a term of imprisonment when

"expressly permitted" by another statute).

While we find no fault with the district court's analysis, dismissal rather than

denial is the appropriate disposition of Graham's § 3582 motion. *See Graham*, 304 F.

App'x at 688. We VACATE the order denying the motion and REMAND for dismissal

for lack of jurisdiction.

---

[5] Graham's plea agreement was not reduced to writing. It called for a 25 year
term of imprisonment without reference to any Guideline sentencing range.

[6] Setting aside its impropriety under § 3582(c), Graham's contention appears to
lack merit because "the FSA does not apply retroactively to individuals who were
sentenced before it went into effect." *Osborn*, 679 F.3d at 1194 n.1.