**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JULIAN BELTRAN,

      Defendant - Appellant.

No. 15-8122
(D.C. No. 1:11-CR-00196-ABJ-5)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Julian Beltran appeals from the denial of his motion to reduce his sentence under

Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G." or

"Guidelines") and 18 U.S.C. § 3582(c). Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I. BACKGROUND

In September 2011, a superseding indictment charged Mr. Beltran with conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. In May 2012, Mr. Beltran entered a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." In the plea agreement, Mr. Beltran stipulated he conspired to possess with intent to distribute 500 grams or more of methamphetamine and he was subject to an aggravating role enhancement under the Guidelines. Notwithstanding the enhancement and the advisory Guidelines sentencing range, the agreement stated the parties agreed to a sentence of 120 months.

After Mr. Beltran agreed to the guilty plea, the United States Probation Office prepared a presentence report stating the statutory sentencing range was ten years to life and the advisory Guidelines sentencing range was 135 to 168 months. The district court sentenced him to 120 months.

In 2014, the Sentencing Commission promulgated Amendment 782, which provides a retroactive two-level reduction for drug offenses involving many of the controlled substances listed in the Guidelines' Drug Quantity Table in U.S.S.G. § 2D1.1(c), including methamphetamine. U.S.S.G. app. C suppl., Amends. 782, 788. Mr. Beltran moved for a sentence reduction under § 3582(c)(2), seeking a two-level

reduction from his sentence.  The district court dismissed Mr. Beltran's motion because his sentence did not qualify for a reduction under § 3582(c)(2).  Mr. Beltran appealed.

## II.  DISCUSSION

### A.  *Standard of Review and Legal Background*

The scope of a district court's authority under § 3582(c)(2) is a question of law we review de novo.  *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013).

"Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed."  *Id.*  Section 3582(c)(2) is an exception to that rule:  it gives courts jurisdiction and discretion to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

A federal court lacks jurisdiction to modify a sentence under § 3582(c)(2) when a defendant has entered into a Rule 11(c)(1)(C) plea agreement and the district court has imposed a sentence that is not based on a Guidelines sentencing range.  *Id.* at 1278; *see also United States v. Jones*, No. 15-2128, 2015 WL 8757254, at *2 (10th Cir. Dec. 15, 2015) (unpublished) ("Because [the defendant] entered into a rule 11(c)(1)(C) plea agreement, we must determine whether his sentence was based on the sentencing range that has since been lowered, a question that goes to . . . the district court's jurisdiction under 18 U.S.C. § 3582(c)(2).").

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), Justice Sotomayor wrote a concurring opinion that states the controlling holding.[1] She explained that federal courts have jurisdiction to consider a sentence reduction in two situations when the defendant has entered a Rule 11(c)(1)(C) plea agreement: (1) when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) when the agreement "provide[s] for a specific term of imprisonment—such as a number of months—but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." 131 S. Ct. at 2697-98.

## B. *Analysis*

Mr. Beltran's Rule 11(c)(1)(C) plea agreement does not meet either of the situations outlined in *Freeman*. The agreement mentions the Guidelines twice. First, it states, "The Defendant has been advised of § 1B1.3 of the Sentencing Guidelines regarding use of relevant conduct in establishing sentence and has read the advisement regarding supervised release as stated in this Plea Agreement." ROA, Vol. II at 41. Second, it states, "[T]he evidence to be presented by the government at sentencing would prove by a preponderance of the evidence that the Defendant is subject to an aggravating

---

[1] In *Graham*, we explained that, along with Justice Sotomayor's opinion, the *Freeman* Court issued a plurality opinion and a dissenting opinion that each garnered four votes. 704 F.3d at 1277. Justice Sotomayor's concurring opinion "charted a middle ground between the plurality and the dissent." *Id.* at 1277-78. We stated, "Every federal appellate court to consider the matter has reached the same conclusion, and we agree: Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Court's holding." *Id.* at 1278.

role enhancement under the U.S. Sentencing Guidelines, section 3B1.1." *Id.* at 42. The agreement then states, "However, since this plea agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulate and agree that a 120 month (10 year) term of imprisonment is a just and appropriate sentence given all aggravating and mitigating factors." *Id.*

Even though the Guidelines sentencing range was 135 to 168 months, the parties agreed to and the district court imposed a 120-month sentence. The agreement does not mention a Guidelines sentencing range, let alone "call for the defendant to be sentenced within a particular Guidelines sentencing range." *Freeman*, 131 S. Ct. at 2697. And it does not "make clear that the basis for the [120-month] term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* Simply put, it does not base the 120-month term on the Guidelines sentencing range of 135 to 168 months.

We conclude Mr. Beltran's Rule 11(c)(1)(C) plea agreement was not based on a sentencing range that Amendment 782 has lowered. The district court therefore lacked jurisdiction to consider the § 3582(c)(2) motion and properly dismissed it. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating dismissal of a § 3582(c)(2) motion, rather than denial on the merits, is appropriate when the district court lacks jurisdiction).

## III. **CONCLUSION**

For the reasons stated, we affirm the district court's dismissal of Mr. Beltran's motion.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge