**UNITED STATES COURT OF APPEALS**

**March 22, 2016**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BOYTINA LOCKE,

      Defendant - Appellant.

No. 15-3233
(D.C. No. 2:07-CR-20167-KHV-7)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

Defendant-Appellant Boytina Locke, a federal inmate appearing pro se, appeals from the district court's overruling of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c). United States v. Locke, No. 07-20167-07-KHV (D. Kan. Sept. 15, 2015). Although the Sentencing Guidelines range for Mr. Locke was 360 months to life, Mr. Locke was sentenced in 2009 to 288 months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

custody based upon a plea agreement. Exercising jurisdiction under 28 U.S.C. § 1291, we remand so the district court may vacate its order and dismiss the motion for lack of jurisdiction.

In the district court, Mr. Locke argued that because Sentencing Guidelines Amendment 782 lowered the base offense level of the drug crimes for which he was convicted, he is entitled to a sentence reduction. See 18 U.S.C. § 3582(c)(2). Relying upon United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013), the district court correctly held that because Mr. Locke was sentenced to a specific term based solely on a binding plea agreement under Rule 11(c)(1)(C), Amendment 782 was inapplicable.

Our review of the district court's decision concerning the applicability of § 3582(c)(2) is de novo. Graham, 704 F.3d at 1277. On appeal, Mr. Locke raises two arguments. First, Mr. Locke challenges the district court's reference to the Presentence Investigation Report's calculation of his Sentencing Guidelines range. Because Mr. Locke's sentence was based on a plea agreement, Mr. Locke's Guidelines range is irrelevant and we need not reach the merits of this argument. Second, Mr. Locke argues that under Justice Sotomayor's concurrence in Freeman v. United States, he is entitled to relief. 131 S. Ct. 2685, 2695 (2011). Although the concurrence recognizes that there are instances where a sentence imposed under Rule 11(c)(1)(C) may be reduced by Amendment 782, those situations are not present in the current case. The plea agreement neither called

for Mr. Locke to be sentenced within a particular Guidelines sentencing range nor did it make clear that the basis for the specified term was a Guidelines sentencing range. Id. at 2697 (Sotomayor, J., concurring); see also United States v. Falcon-Sanchez, 622 F. App'x 766, 767 (10th Cir. 2015). Contrary to Mr. Locke's assertions, the plea agreement explicitly stated "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence." 1 R. 52. Because Mr. Locke's sentence was not based on the Sentencing Guidelines, Amendment 782 is inapplicable.

While we agree with the district court's resolution, in accordance with Graham, we REMAND so the district court may VACATE its order and dismiss the motion for lack of jurisdiction. Appellant's motion to proceed in *forma pauperis* is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge