**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

AMADOR MORENO,

     Defendant - Appellant.

No. 15-8104
(D.C. No. 02-CR-00125-NDF-1)
(D.Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

---

Defendant-Appellant Amador Moreno, a federal inmate appearing pro se, appeals from the district court's denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). United States v. Moreno, No. 02-CR-125-F (D. Wyo. Sept. 2, 2015). Exercising jurisdiction under 28 U.S.C. § 1291, we remand so the district court may vacate its order and dismiss the motion for lack

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of jurisdiction.

Pursuant to a plea agreement[1], Mr. Moreno pled guilty in 2003 to conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. I R. 17–21; II R. 7. Although the presentence investigation report (PSR) determined Mr. Moreno's Guideline sentencing range to be 360 months to life, II R. 44, in accordance with his plea agreement, the district court sentenced him to 240 months' imprisonment, followed by five years of supervised release, id. at 49–50. In August 2015, Mr. Moreno filed a motion for a reduction of his sentence pursuant to § 3582(c). The district court denied his motion, finding that his sentence was based on a binding stipulation in his plea agreement, II R. 10, not on an application of the Guidelines. We agree.

We review the district court's decision concerning the applicability of § 3582(c)(2) de novo. United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013). Generally, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed. Dillon v. United States, 560 U.S. 817, 819 (2010). Section 3582(c)(2) provides an exception to this general bar, permitting courts, after considering certain factors, to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In 2014 the Sentencing

---

[1] The plea agreement was entered into under Federal Rule of Criminal Procedure 11(e)(1)(C), now Rule 11(c)(1)(C).

Commission provided a retroactive two-level reduction for the drug offense for which Mr. Moreno was convicted. See U.S.S.G. suppl. to app. C, amends. 782, 788 (U.S. Sentencing Comm'n 2014).

Mr. Moreno's plea, however was not based on a Guidelines sentencing range. The plea agreement contained a binding plea agreement recommendation of 20 years, and allowed Mr. Moreno to withdraw his plea if the district court did not accept it. It neither called for him to be sentenced within a particular Guidelines sentencing range nor did it make clear that the basis for the specified term was a Guidelines sentencing range. See Freeman v. United States, 131 S. Ct. 2685, 2697–98 (2011) (Sotomayor, J., concurring); Graham, 704 F.3d at 1278 (adopting Justice Sotomayor's concurrence as the Court's holding). At sentencing, the district court accepted the PSR's Guidelines determination, but sentenced Mr. Moreno in accordance with his plea agreement to 240 months. Because Mr. Moreno's sentence was not based on the Sentencing Guidelines, Amendment 782 is inapplicable.

We deny IFP status. While we agree with the district court's resolution of this case, we REMAND so the district court may VACATE its order and dismiss the motion for lack of jurisdiction. See Graham, 704 F.3d at 1279.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge