FILED
United States Court of Appeals
Tenth Circuit

May 20, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO RODRIGUEZ-VEJAR,

    Defendant - Appellant.

No. 15-8130
(D.C. No. 1:11-CR-00196-ABJ-4)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Francisco Rodriguez-Vejar pled guilty to possessing and distributing

methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), and 846. Based on the terms of his Fed. R. Crim. P. 11(c)(1)(C) plea

agreement, the district court imposed a 102-month prison sentence.[1] But after the

Sentencing Commission lowered by two levels most of the base offense levels

---

[*] After examining Rodriguez-Vejar's brief and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value. *See*
Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Under Rule 11(c)(1)(C), if the defendant and the government agree to a
specific sentence in the plea agreement, "such a recommendation or request binds the
court once the court accepts the plea agreement."

provided in the Guidelines' Drug Quantity Table, *see* U.S.S.G. app. C, amend. 782, Rodriguez-Vejar filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence. The district court dismissed the motion, concluding that Rodriguez-Vejar's original sentence wasn't based on a Guidelines sentencing range. *See* § 3582(c)(2) (permitting a court to modify a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). Appearing pro se, Rodriguez-Vejar appeals.[2]

Although a defendant may be eligible for a sentence reduction if his Rule 11(c)(1)(C) plea agreement "is based on a Guideline[s] sentencing range that is retroactively amended . . .[,] when the plea deal does not 'use' or 'employ' a Guideline[s] sentencing range, the defendant is not entitled to the benefit of the amendment." *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citing *Freeman v. United States*, 564 U.S. 522, 538-42 (2011) (Sotomayor, J., concurring)).[3]

Here, Rodriguez-Vejar's plea agreement didn't use or employ a Guidelines sentencing range. Indeed, the agreement references the Guidelines only once, noting that Rodriguez-Vejar "has been advised of § 1B1.3 of the Sentencing Guidelines regarding use of relevant conduct in establishing sentence and has read the advisement regarding supervised release as stated in this Plea Agreement." R. vol. 2,

---

[2] We liberally construe Rodriguez-Vejar's pro se filings, but it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[3] We explained in *Graham* that "Justice Sotomayor's concurrence [in *Freeman*] is the narrowest grounds of decision and represents the Court's holding." 704 F.3d at 1278 (collecting cases from seven federal appellate courts concluding the same).

61. But the plea agreement includes no mention of an applicable sentencing range when recommending a sentence to the court. Instead, it merely states, "Pursuant to [Rule] 11(c)(l)(C), the parties have agreed that a sentence of 102 months is an appropriate and just disposition of this case." *Id.* at 62.

Because the agreement doesn't reference a specific Guidelines range when recommending a sentence, we conclude the agreement doesn't use or employ a Guidelines sentencing range. *See United States v. Beltran*, No. 15-8122, 2016 WL 851761, at *2 (10th Cir. Mar. 4, 2016) (unpublished). Thus, Rodriguez-Vejar isn't "entitled to the benefit of" Amendment 782, and the district court correctly dismissed his § 3582(c)(2) motion. *See Graham*, 704 F.3d at 1278-79. Accordingly, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge

3