**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARNOLD CEBALLOS-LEPE,

    Defendant - Appellant.

No. 15-4183
(D.C. No. 2:12-CR-00662-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Under 18 U.S.C. § 3582(c)(2), federal district courts can reduce a prison term that was "based on a sentencing range that has subsequently been lowered by" the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(2). Mr. Arnold Ceballos-Lepe invoked § 3582(c)(2) after pleading guilty to drug charges and obtaining a sentence stipulated in his plea agreement. Though his sentence was based on a stipulation, he argues

---

[*]    The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

that § 3582(c)(2) allows the district court to modify the sentence based on a subsequent amendment to the Sentencing Guidelines. We disagree. Mr. Ceballos-Lepe's sentence was based on a stipulation made independently of the guidelines themselves. Consequently, the district court properly concluded that it had no authority to modify Mr. Ceballos-Lepe's sentence under § 3582(c)(2).

* * *

Mr. Ceballos-Lepe was charged in federal court with possession of methamphetamine with intent to distribute. He entered a plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C). Under this agreement, Mr. Ceballos-Lepe would plead guilty and receive a prison term of 180 months. The sentencing court accepted the agreement and sentenced Mr. Ceballos-Lepe to the stipulated 180 months in prison.

After Mr. Ceballos-Lepe was sentenced, the U.S. Sentencing Commission issued an amendment to the guidelines, Amendment 782. This amendment retroactively reduces the guidelines' sentencing ranges for many drug offenders. Mr. Ceballos-Lepe argues that Amendment 782 entitles him to a lower guideline range. On that basis, he contends that his prison term should be reduced under § 3582(c)(2).

But Mr. Ceballos-Lepe was sentenced to 180 months under Rule 11(c)(1)(C) based on a stipulated sentence. In our view, the district court

2

could not reduce the sentence under § 3582(c)(2) because the parties' stipulation and the judge's explanation of the sentence did not purport to rely on the applicable guideline range.

We addressed this issue in *United States v. Graham*, 704 F.3d 1275 (10th Cir. 2013). There, we held that § 3582(c)(2) authorizes a district court to reduce a stipulated prison term in light of a guideline amendment only when the parties stipulate to a prison term that is expressly based on a particular guideline range. *Id.* at 1278. "But, when the plea deal does not 'use' or 'employ' a Guideline sentencing range, the defendant is not entitled to the benefit of the [Guidelines] amendment." *Id.* (quoting *Freeman v. United States*, 564 U.S. 522, 539-40 (2011) (Sotomayor, J., concurring)).[1]

*Graham* precludes the district court from granting relief to Mr. Ceballos-Lepe under § 3582(c)(2). The relevant portion of the plea agreement invokes Rule 11(c)(1)(C) and states that "the sentence imposed by the [district court] will be 180 months imprisonment." R. at 48. Nothing in the plea agreement suggests that this stipulation was based on a particular guideline range.

---

[1] In *Graham*, we followed Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522 (2011). Because we viewed Justice Sotomayor's concurrence as the narrowest ground of decision in *Freeman*, we concluded that the concurrence represented the Court's holding in that case. *Graham*, 704 F.3d at 1278 (citing *Freeman*, 564 U.S. at 534-44 (Sotomayor, J., concurring)).

3

Nor does the transcript of the sentencing hearing suggest that the sentencing court relied on a particular guideline range. Instead, the sentencing court stated that it was "going to impose sentence in accordance with the agreement, a sentence of 180 months." R. at 277. Under these circumstances, we conclude that Mr. Ceballos-Lepe's sentence was not imposed based on a particular guideline range. As a result, the district court properly concluded that it had no authority under § 3582(c)(2) to reduce Mr. Ceballos-Lepe's sentence.

Mr. Ceballos-Lepe argues that the district court erred in rejecting his § 3582(c)(2) motion because the court did not sufficiently consider the presentence report. The presentence report, Mr. Ceballos-Lepe maintains, proves that the sentencing court imposed his sentence based on the guidelines.

This argument is factually invalid and legally immaterial. The argument is factually invalid because there is no evidence that the district court failed to consider the presentence report. The argument is also legally immaterial. Even if Mr. Ceballos-Lepe's interpretation of the presentence report is correct, this interpretation would not show that the sentencing court relied on the guidelines rather than the stipulation. The presentence report was prepared by the Probation Office, not the district court. *See* Fed. R. Crim. P. 32(c)(1)(A) (requiring the probation department to prepare the presentence report). Regardless of anything in the

4

presentence report, the plea agreement clearly reflects the parties' stipulation to a 180-month prison term; and the district court accepted that stipulation without referring to any particular guideline range. Thus, the probation department's recommendation does not bear on the sentencing court's reasons for imposing a 180-month prison term.

\* \* \*

For these reasons, the district court properly concluded that it could not reduce Mr. Ceballos-Lepe's sentence. Nonetheless, the district court should have dismissed Mr. Ceballos-Lepe's § 3582(c)(2) motion for lack of jurisdiction rather than deny relief. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding that the appropriate disposition under these circumstances is dismissal for lack of jurisdiction rather than denial of relief). Accordingly, we vacate the order denying relief and remand with instructions to order dismissal based on a lack of jurisdiction.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5