**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOHN GRONSKI,

      Defendant - Appellant.

No. 16-8053
(D.C. No. 2:01-CR-00015-ABJ-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

When John Gronski agreed to plead guilty to federal drug charges in 2001,

he also agreed with the government to a prison term of thirty years. *See* Fed. R.

Crim. P. 11(c)(1)(C). A sentence the district court duly imposed. Many years

later and after the Sentencing Commission retroactively lowered the base offense

levels for certain drug crimes, *see* U.S. Sentencing Guidelines Manual suppl. to

app. C, amends. 782, 788 (U.S. Sentencing Comm'n 2014), Mr. Gronski asked the

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court to lower his sentence. *See* 18 U.S.C. § 3582(c)(2). But the district court denied his request, holding that Mr. Gronski was ineligible for relief because the sentence stipulated in his plea agreement was not "based on" a Guidelines range within the meaning of *Freeman v. United States*, 564 U.S. 522 (2011). Mr. Gronski now asks that we reverse that ruling and remand for reconsideration of his § 3582(c)(2) motion.

As we see it, Mr. Gronski's request faces two obstacles. First, Mr. Gronski filed a separate § 3582(c)(2) motion last year, arguing there (as he does again here) that he is eligible for a sentence reduction under Amendments 782 and 788. But the district court denied that motion and Mr. Gronski failed to appeal that disposition. As a result, he is precluded from raising the same argument now. *See, e.g.*, *In re Scrivner*, 535 F.3d 1258, 1266 (10th Cir. 2008). Second, even if we could set aside the problem of preclusion, Mr. Gronski would still be ineligible for relief on the merits. As the district court explained, a defendant may seek a reduction under § 3582(c)(2) only if his original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." But here, the district court sentenced Mr. Gronski to the term — thirty years — stipulated in his Rule 11(c)(1)(C) plea agreement. And because that agreement neither "call[ed] for [Mr. Gronski] to be sentenced within a particular Guidelines sentencing range" nor expressly "ma[de] clear that the basis for the specified term [was] a Guidelines sentencing range," we cannot say his

- 2 -

sentence was "based on" such a range within the meaning of § 3582(c)(2). *Freeman*, 564 U.S. at 538-39 (Sotomayor, J., concurring in the judgment); *see also United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (recognizing that "Justice Sotomayor's concurrence . . . represents the Court's holding" in *Freeman*).

Mr. Gronski's motion for leave to file a supplemental brief is granted. After careful review of the record and Mr. Gronski's pleadings, the district court's order dismissing Mr. Gronski's second motion for a sentence reduction is affirmed.  Mr. Gronski's motion to proceed in forma pauperis is denied, and he is reminded he must pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge