**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARL GENE BRANTLEY,

    Defendant - Appellant.

No. 16-7011
(D.C. No. 6:11-CR-00083-RAW-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

Defendant-Appellant Carl Gene Brantley appeals from the district court's denial of his motion for a sentence reduction based upon Amendment 782 to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). Mr. Brantley's counsel filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and 10th Cir. R. 46.4(B)(1). Our jurisdiction arises under

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), and we dismiss the appeal and grant counsel's motion to withdraw.

Background

Mr. Brantley was charged with manufacturing marijuana, possession with intent to distribute marijuana, possession of a firearm in furtherance of a drug trafficking crime, and drug forfeiture. 1. R. 14–16. In August 2012, in exchange for the government agreeing to dismiss counts 2 and 3 of the indictment, as well as a state court charge, Mr. Brantley entered into a plea agreement pursuant to Fed. R. Crim. Proc. 11(c)(1)(C). In that agreement, the government and Mr. Brantley also agreed to a specific sentence of 84 months' imprisonment. 1 Supp. R. 17.

The presentence report found that Mr. Brantley's total offense level was 19 (with a base offense level of 20, a two-point enhancement for possession of a firearm, and a three-level adjustment for acceptance of responsibility), and that his corresponding guideline range of imprisonment was 30–37 months. 1. R. PSR at 4–8. It noted, however, that this range was less than the statutory minimum, and that therefore the guideline term of imprisonment was for 60 months. Id. at 8.

The district court accepted and adopted Mr. Brantley's plea agreement as written, and thus sentenced him to 84 months of imprisonment and four years of

supervised release. 1. R. 17–19.

On January 5, 2015, Mr. Brantley filed a motion for a reduced sentence based on Amendment 782 of the sentencing guidelines. The district court denied that motion, finding that Mr. Brantley's sentence was based on his plea agreement, not the guidelines. 1. R. 24. Therefore, Amendment 782 did not apply. Id.

This appeal followed. On April 26, 2016, Mr. Brantley's counsel filed an Anders brief, seeking leave to withdraw as counsel. Mr. Brantley was served with a copy of that brief and given requisite notice by this court, pursuant to 10th Cir. R. 46.4(B)(2). Neither Mr. Brantley nor the government has filed a response.

Discussion

Under Anders, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. This court then must conduct its own examination of the record to determine whether the defendant's claims are indeed wholly frivolous. If it agrees with counsel that the claims are frivolous, it may then grant the motion to withdraw and dismiss the appeal. United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).

After examining the record, we conclude that Mr. Brantley's claims on appeal are frivolous. Though it is true that if Amendment 782 applied to Mr.

Brantley that his base offense level would be reduced from 20 to 18, Mr. Brantley was not sentenced under the applicable guideline range. Instead, the district court sentenced him in accordance with the terms of his plea agreement. And because he was sentenced under a Rule 11(c)(1)(C) agreement specifying the number of months, he is not entitled to the retroactive guidelines adjustment. See United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013).

Accordingly, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge