**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ANTONIO D. QUINN,

        Defendant - Appellant.

No. 16-3306
(D.C. No. 2:10-CR-20129-KHV-1)
D. Kansas

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY** and **MATHESON**, Circuit Judges.

Proceeding *pro se*, Antonio D. Quinn appeals the district court's dismissal

of the Motion for Reduced Sentence he filed pursuant to 18 U.S.C. § 3582(c)(2).

In 2011, Quinn pleaded guilty to Count I of a superseding indictment charging

him with conspiracy to distribute and possess with intent to distribute more than

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,
submitted without oral argument.

five kilograms of cocaine and more than 280 grams of cocaine base. *See* 21 U.S.C. §§ 841(a)(1), 846. Quinn and the Government agreed to a 300-month term of imprisonment. *See* Fed. R. Crim. P. 11(c)(1)(C) (permitting the parties to a plea agreement to "agree that a specific sentence . . . is the appropriate disposition of the case"). The district court accepted the plea and sentenced Quinn to 300 months' imprisonment, noting during the sentencing hearing that the sentence was appropriate even though the advisory guidelines range was 360 months to life.

On August 24, 2016, Quinn filed a § 3582(c)(2) motion, seeking a modification of his sentence. He asserted he was entitled to a two-level reduction in his offense level based on changes made to the United States Sentencing Guidelines by Amendment 782. *See* USSG app. C, Amend. 782 (reducing by two levels the base offense levels of crimes involving many of the controlled substances listed in the Guidelines' Drug Quantity Table). The district court dismissed Quinn's motion, concluding it lacked jurisdiction because Quinn's sentence was imposed pursuant to a binding plea agreement, not the Guidelines. Thus, his advisory guidelines range is irrelevant and Amendment 782 is inapplicable.

This court reviews a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). In the course of that review, we apply a *de novo* standard to the district

court's interpretation of a statute or the Guidelines. *Id*. Section 3582(c)(2) gives a district court the power to modify a defendant's term of imprisonment only if the defendant was originally sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Supreme Court has held that a sentence imposed pursuant to Rule 11(c)(1)(C) is based on the Guidelines only when the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (concluding Justice Sotomayor's concurring opinion "represents the Court's holding" in *Freeman*).

The plea agreement between Quinn and the Government provides for a specific term of 300 months' imprisonment that is clearly set out in the agreement. The agreement does not contain the calculation of an advisory guidelines range or any statement that the proposed sentence was based on the Guidelines. *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring) (holding a sentence is not based on the Guidelines unless the plea agreement itself "expressly uses a Guidelines sentencing range to establish the term of imprisonment"). Further, the plea agreement specifically stated the parties were "not requesting imposition of an advisory guideline sentence."

Having reviewed the plea agreement and the entire appellate record, including the transcript of the sentencing hearing, it is clear the foundation for the 300-month sentence imposed by the district court was the parties' Rule 11(c)(1)(C) plea agreement and not the Guidelines. *See id.* at 2695 (Sotomayor, J., concurring) ("[I]n applying § 3582(c)(2) a court must discern the foundation for the term of imprisonment imposed by the sentencing judge."). Accordingly, the district court correctly determined that it lacked authority to grant Quinn any relief pursuant to § 3582(c)(2). *See Graham*, 704 F.3d at 1278.

The district court's judgment is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge