FILED
United States Court of Appeals
Tenth Circuit

May 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL ALLEN COATES,

      Defendant - Appellant.

No. 16-8127
(D.C. Nos. 1:16-CV-00170-NDF and
2:10-CR-00269-WFD-1)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

Defendant-Appellant Michael Allen Coates, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial in part and dismissal in part of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because he has not made a substantial showing of the denial of a constitutional right, we deny a COA, deny IFP status, and dismiss the appeal. See 28 U.S.C. §§ 1915(a)(1), 2253(c)(1)(B), 2253(c)(2).

In December 2010, Mr. Coates entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, in which he pled guilty to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine and one count of carrying a firearm during and in relation to a drug-trafficking offense. He was

sentenced to a total of twenty years' imprisonment, plus five years of supervised release. His sentence was affirmed on direct appeal. United States v. Coates, 483 F. App'x 488 (10th Cir. 2012) (unpublished).

On June 22, 2016, Mr. Coates filed his § 2255 motion before the district court. R. 4. He alleged ten grounds of relief — grounds one and two based on Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016); grounds three through five based on ineffective assistance of counsel; ground six based on due process; ground seven based on double jeopardy; ground eight based on the constitutionality of 18 U.S.C. § 924(c); ground nine based on eligibility for retroactive amendments to the Sentencing Guidelines; and ground ten based on Henderson v. United States, 135 S. Ct. 1780 (2015), and United States v. Little, 829 F.3d 1177 (10th Cir. 2016). R. 7–38.

The district court denied relief and denied a COA. R. 68. It denied grounds one and two because Johnson and Welch were inapplicable to Mr. Coates's case because it was unaffected by the residual clause. Id. at 64–65. It then dismissed grounds three through ten because they were time barred, procedurally barred, or not in accord with Tenth Circuit law. Id. at 65–67.

In now seeking a COA, Mr. Coates raises only his ninth ground for relief, contending the district court erred by not applying a change to the Sentencing Guidelines to his sentence. Mr. Coates relies on United States v. Davis, 825 F.3d 1014, 1027–28 (9th Cir. 2016), in which the Ninth Circuit held that a defendant

who enters a Rule 11(c)(1)(C) plea agreement would ordinarily benefit from a retroactive change to the Sentencing Guidelines. The court reached this result by concluding it was not bound by Justice Sotomayor's concurring opinion in Freeman v. United States, 564 U.S. 522, 534 (2011). Id.

As the district court pointed out, Mr. Coates has already sought a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Coates, No. 10-cr-00269-WFD-1, Doc. 128 at 4 (2015). There, the district court followed our decision in United States v. Graham, 704 F.3d 1275, 1277–79 (10th Cir. 2013), in which we concluded that we were indeed bound by Justice Sotomayor's concurrence in Freeman. That being so, we held that when a plea agreement "does not use or employ a Guideline sentencing range, the defendant is not entitled to the benefit of the amendment." Graham, 704 F.3d at 1278 (internal quotation marks and citation omitted). This was the case with Mr. Coates, and Davis does not change that result. A Tenth Circuit panel must follow a prior panel. In re Smith, 10 F.3d 723, 724 (10th Cir. 1993).

Mr. Coates has not demonstrated "that reasonable jurists could debate (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). And because he does not address any of the other reasons the district court denied or dismissed his motion, we DENY a COA, DENY IFP

- 3 -

status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge