**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICKY D. WEBSTER,

      Defendant - Appellant.

No. 16-3350
(D.C. No. 2:10-CR-20101-CM-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]

Defendant-Appellant Ricky Webster appeals from the district court's dismissal of his motion to reduce his sentence made pursuant to 18 U.S.C. § 3582(c)(2). United States v. Webster, No. 10-20101-02-CM, 2016 WL 4181294 (D. Kan. Aug. 8, 2016). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In July 2010, about a month before the Fair Sentencing Act ("FSA") was enacted, Mr. Webster was charged with eight counts of drug and firearm-related offenses. 1 R. 27–32. Because he possessed over 50 grams of crack cocaine, he was subject to a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) (2006). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Webster pled guilty to Count One (conspiracy to manufacture and possess with the intent to distribute more than 50 grams of crack) and to Count Six (possessing a firearm in furtherance of a drug-trafficking crime). 1 R. 44. He also agreed to a sentence of 180 months of imprisonment and five years' supervised release. Id. at 50. Mr. Webster moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) to conform with the FSA's more lenient penalties for offenses involving more than 50 grams of crack cocaine. See generally Dorsey v. United States, 567 U.S. 260, 265–70 (2012). The district court concluded that it lacked jurisdiction to consider the motion because Mr. Webster's sentence was not "based on" the Sentencing Guidelines and dismissed the motion. Webster, 2016 WL 4181294, at *3.

We review the district court's resolution of Mr. Webster's motion to reduce his sentence under § 3582(c)(2) for an abuse of discretion, but in so doing review the district court's interpretation of 18 U.S.C. § 3582(c)(2) de novo. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). A district court may reduce a defendant's sentence if the defendant was originally "sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). In United States v. Graham, we held that we were bound by Justice Sotomayor's concurrence in Freeman v. United States, 564 U.S. 522, 534–44 (2011). 704 F.3d 1275, 1277–78 (10th Cir. 2013). We therefore concluded that when a plea agreement "does not use or employ a Guideline sentencing range, the defendant is not entitled to the benefit of the amendment." Id. at 1278 (citation and internal quotation marks omitted).

The district court did not abuse its discretion by dismissing Mr. Webster's motion to reduce his sentence. The plea agreement does not reference the guidelines other than to expressly disclaim their use in imposing Mr. Webster's sentence. 1 R. 51. Mr. Webster's sentence is therefore not based on the guidelines, and he is not entitled to a sentence reduction. See Freeman, 564 U.S. at 539 (Sotomayor, J. concurring).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge