**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. MARC THOMAS BANYAI, Defendant-Appellant. | No. 15-4124 (D.C. No. 2:09-CR-00931-TC-1) (D. Utah) |

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

This appeal involves the availability of sentence modification for career offenders. In 2010, Mr. Marc Thomas Banyai pleaded guilty to drug and gun charges and was sentenced as a career offender to 120 months of imprisonment and 60 months of supervised release. He moved to reduce his sentence under Amendment 782 of the United States Sentencing

---

[*]    We do not believe oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Guidelines. The district court denied the motion, reasoning that career offenders are not eligible for a sentence reduction under the amendment. Mr. Banyai appeals and seeks leave to proceed in forma pauperis. We grant leave to proceed in forma pauperis and vacate the denial of relief with instructions to dismiss Mr. Banyai's motion based on an absence of jurisdiction.

Mr. Banyai cannot afford to prepay the filing fee and presents a nonfrivolous claim. Thus, we grant leave to proceed in forma pauperis. *See DeBardeleben v. Quinlan*, 937 F.3d 502, 505 (10th Cir. 1991).

Because we are allowing leave to proceed in forma pauperis, we proceed to consider Mr. Banyai's two claims:

1. Amendment 782 of the sentencing guidelines authorizes a sentence reduction.

2. The sentence was based on an overly vague sentencing guideline.

The district court lacked jurisdiction to consider the first argument, and Mr. Banyai failed to make the second argument until this appeal.

In district court, Mr. Banyai invoked 18 U.S.C. § 3582(c)(2), which permits district courts to reduce a prisoner's sentence "that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). Amendment 782 of the United States Sentencing Guidelines allows a retroactive two-level

2

reduction under §§ 2D1.1 and 2D1.11 of the guidelines. U.S. Sentencing Guidelines Manual § 1B1.10 App'x C Supplement, Amendment 782 (Nov. 1, 2014). But Amendment 782 does not apply to career offenders,[1] for their sentences are calculated under § 4B1.1—not §§ 2D1.1 and 2D1.11. *See United States v. Perez*, No. 15-2150, 2016 WL 827885, at *4 (10th Cir. Mar. 3, 2016) (unpublished) (career offenders are not eligible for a sentence reduction under Amendment 782); *United States v. Gray*, 630 F. App'x 809, 812-13 (10th Cir. 2015) (unpublished) (same).

Federal district courts lack jurisdiction to modify a term of imprisonment in the absence of an applicable exception under § 3582(c). *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *see also United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating that the defendant's motion should have been dismissed on jurisdictional grounds, rather than denied, when the district court lacked power to modify the sentence under § 3582(c)).[2] Because Mr. Banyai's sentence falls outside

---

[1]     Mr. Banyai denies that he was sentenced as a career offender. But he was. In the presentence report, the probation officer classified Mr. Banyai as a career offender. Defense counsel objected to this designation. At sentencing, the district court concluded that the presentence report did not contain any errors and adopted the presentence report in full.

[2]     Some circuits take a different approach, treating lack of power under § 3582(c) as a substantive defect rather than a jurisdictional defect. *See United States v. Taylor*, 778 F.3d 667, 668 (7th Cir. 2015) ("§ 3582(c)(2) does not limit a district court's subject-matter jurisdiction to consider a motion brought under that statute, even a motion that the court would not

3

of the specific exceptions in § 3582(c), the district court should have dismissed his motion for lack of jurisdiction. *See id.*

Mr. Banyai also argues that his sentence should be reduced on vagueness grounds under the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Because Mr. Banyai did not raise this argument in district court or argue plain error, we decline to entertain this argument for reversal. *See United States v. Lamirand*, 669 F.3d 1091, 1099 n.7 (10th Cir. 2012). Thus, Mr. Banyai's newly asserted reliance on *Johnson* does not affect our disposition.

\* \* \*

In district court, Mr. Banyai asserted only one ground for relief. Because the district court lacked jurisdiction to consider that argument, we remand with instructions to dismiss Mr. Banyai's § 3582(c)(2) motion for lack of jurisdiction.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

be authorized to grant"); *United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013) (stating that ineligibility for relief under § 3582(c)(2) is not a jurisdictional defect).

4