**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ALFONSO MOYA-BRETON,

     Defendant - Appellant.

No. 15-4185
(D.C. No. 2:06-CR-00672-DB-EJF-2)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Alfonso Moya-Breton appeals, pro se, from the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2).[1] He also seeks leave to proceed on appeal in forma pauperis (IFP). We grant Moya-Breton's IFP motion. But because the district court lacked jurisdiction to consider his motion for a reduced

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Moya-Breton appears pro se, we liberally construe his pleadings. But we won't act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

sentence, we vacate the district court's order denying the motion and remand with directions to instead enter an order dismissing the motion.

Moya-Breton pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine. The parties agreed to, and the district court imposed, a 180-month prison sentence. *See* Fed. R. Crim. P. 11(c)(1)(C) (providing that government may agree to specific sentence or sentencing range and that agreed-upon sentence or range binds court once it accepts plea agreement). Moya-Breton later moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), asserting that his sentence was based on a Guidelines sentencing range that the U.S. Sentencing Commission subsequently lowered through an amendment to the Guidelines. The district court denied the motion, noting that when a Rule 11(c)(1)(C) agreement reflects that the parties "agree[d] to a particular sentence . . . that was not tied to a particular [G]uideline[s] range," the sentence isn't based on a sentencing range and § 3582(c)(2) doesn't authorize a reduced sentence. R. vol. 3, 165.

Section 3582(c)(2) authorizes a district court to reduce a prison sentence if the sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission" and the reduction is consistent with the Commission's applicable policy statements. We ordinarily review a district court's denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013). But we review de novo the district court's interpretation of a statute, including its determination of whether § 3582(c)(2) authorizes the court to consider a particular request for a reduced sentence. *Id.*

2

When, as here, a defendant enters into a Rule 11(c)(1)(C) plea agreement, the defendant is eligible for a reduced sentence under § 3582(c)(2) only if the "agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission." *Freeman v. United States*, 564 U.S. 522, 539 (2011) (Sotomayor, J., concurring in the judgment).[2] The use of a Guidelines sentencing range must be "evident from the agreement itself." *Id.* For example, the agreement "may call for [a] defendant to be sentenced within a particular Guidelines sentencing range," *id.* at 538, or may otherwise "make clear that the basis for [a] specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty," *id.* at 539.

Here, the district court relied on *Freeman* to deny Moya-Breton's motion. Specifically, the court reasoned that Moya-Breton's 180-month prison term was based solely on the parties' "express stipulation" to that sentence in the plea agreement and "was not tied to a particular [G]uideline[s] range." R. vol. 3, 165.

Moya-Breton argues the district court erred in finding that his 180-month sentence wasn't based on a Guidelines sentencing range. He points out the plea agreement expressly states, "[T]he Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining [his] sentence." R. vol. 3, 138. Citing this provision, Moya-Breton insists that "[a]ny reasonable person . . . would

---

[2] *Freeman* is a plurality opinion. Because "Justice Sotomayor's concurrence is the narrowest grounds of decision," it "represents the Court's holding." *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013).

have concluded that his sentence was based, however imprecisely," on the Guidelines. Aplt. Reply Br. 2.

But this general reference to the Guidelines, without more, doesn't "make clear" that the parties based the stipulated 180-month sentence on any particular Guidelines sentencing range. *Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring in the judgment). *Compare id.* at 542-43 (concluding that it was evident sentence was "based on" Guidelines range when plea agreement (1) stated that defendant agreed to have sentence determined by Guidelines; (2) noted defendant's offense level and anticipated criminal history category; (3) cited applicable Guidelines range; and (4) agreed to sentence within that range), *with United States v. Jones*, 634 F. App'x 649, 651-52 (10th Cir. 2015) (unpublished) (concluding that it wasn't evident from plea agreement itself that sentence was based on Guidelines sentencing range when agreement neither stated that defendant agreed to have sentence determined pursuant to Guidelines nor "provided all the information necessary to independently calculate the applicable Guidelines sentencing range").

Here, as the government points out, the plea agreement doesn't call for Moya-Breton to be sentenced within a particular sentencing range. Instead, it states that Moya-Breton agreed to plead guilty under Rule 11(c)(1)(C) and that "[p]ursuant to that rule, the government and [Moya-Breton] agree[d] that a sentence of 180 months" was "reasonable." R. vol. 3, 140. And the agreement doesn't identify any specific Guidelines sentencing range as the basis for that specified term or provide any information from which the district court could have calculated the applicable

4

sentencing range. Thus, it isn't evident from the agreement itself that Moya-Breton's sentence was based on a Guidelines sentencing range. We therefore agree with the district court's determination that Moya-Breton isn't eligible for a reduced sentence. *See United States v. Graham*, 704 F.3d 1275, 1278 & n.5 (10th Cir. 2013) (concluding that defendant's sentence wasn't based on Guidelines sentencing range and that defendant was therefore ineligible for § 3582(c)(2) reduction when plea agreement "called for a 25 year term of imprisonment without reference to any Guideline[s] sentencing range").

Nevertheless, the district court should have dismissed Moya-Breton's motion rather than denying it. *See id.* at 1278-79.[3] Accordingly, we vacate the district court's order denying Moya-Breton's motion and remand with directions to instead enter an

---

[3] Citing *Graham*, the government correctly points out that it is settled in this circuit that a district court must dismiss a § 3582(c)(2) motion for lack of jurisdiction when a defendant is ineligible for a reduced sentence. While we are governed by precedent, we have previously acknowledged that some circuits take a different approach. *United States v. Banyai*, 2016 WL 1732293, at *1 n.2 (10th Cir. May 2, 2016) (unpublished). *See United States v. Taylor*, 778 F.3d 667, 668, 670 (7th Cir. 2015) (noting *Graham*'s view that defendant's ineligibility for reduced sentence implicates jurisdiction, but concluding that "§ 3582(c)(2) does not limit a district court's subject-matter jurisdiction to consider a motion brought under that statute, even a motion that the court would not be authorized to grant"); *United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013) (stating that defendant's ineligibility for relief under § 3582(c)(2) isn't a jurisdictional defect). And, in fairness to the district court, we note that the standard form for an order disposing of a § 3582(c)(2) motion—the AO 247—doesn't provide a check box for dismissal; rather, it provides district courts with only two options for disposing of the motion: "DENIED," and "GRANTED." *See* R. vol. 3, 165.

5

order dismissing the motion for lack of jurisdiction.

Entered for the Court


Nancy L. Moritz
Circuit Judge