**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PEDRO MORENO,

     Defendant - Appellant.

No. 16-8030

(D.C. No. 2:02-CR-00125-NDF-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **GORSUCH** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant Pedro Moreno, appearing pro se, appeals from the district court's denial

of his motion to correct sentence pursuant to 18 U.S.C. § 3582(c)(2).  Exercising

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction pursuant to 28 U.S.C. § 1291, we vacate the district court's order denying the motion and remand for entry of an order dismissing the motion for lack of jurisdiction.

I

In July 2002, a federal grand jury returned an indictment charging Moreno and seven other individuals with conspiracy to distribute, and to possess with intent to distribute, over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On December 16, 2002, Moreno entered into a written plea agreement with the government pursuant to Fed. R. Crim. P. 11(e)(1)(C).[1] The plea agreement stated, in pertinent part, that "both the Defendant and the United States w[ould] recommend that the court sentence the Defendant to a 20 year period of imprisonment, [to be followed by] five years of supervised release," and that "if the court d[id] not accept this binding plea agreement recommendation, [Moreno] w[ould] be allowed to withdraw his plea of guilty." ROA, Vol. II at 210. The district court accepted the plea agreement and allowed Moreno to formally enter a guilty plea that same day.

The probation office subsequently prepared a presentence investigation report (PSR). The PSR calculated Moreno's advisory Guidelines sentencing range to be 325 to 405 months based upon a total offense level of 41 and a criminal history category of I. Id. at 296. Neither party filed objections to the PSR.

On April 21, 2003, the district court, consistent with the parties' plea agreement, sentenced Moreno to a term of imprisonment of 240 months, to be followed by a five-

---

[1] That Rule has since been recodified as Rule 11(c)(1)(C).

year term of supervised release.  In doing so, the district court departed downward three levels from the total offense level calculated in the PSR, i.e., from a total offense level of 41 to 38, in order to arrive at an advisory Guidelines sentencing range that encompassed the 240-month sentence called for by the plea agreement.

## II

On March 7, 2016, Moreno filed a pro se motion to reduce his sentence pursuant to § 3582(c)(2).  Id., Vol. I at 76.  Moreno argued in his motion that he was entitled to a reduced sentence in light of the United States Sentencing Commission's issuance of Amendment 782.  Amendment 782 reduces by two the base offense level provided by U.S.S.G. § 2D1.1 for most quantities of drugs, and applies retroactively to convictions based on the earlier version of § 2D1.1.  See U.S.S.G. app. C, amend. 782.

The district court denied Moreno's motion.  In doing so, the district court recounted its original sentencing calculations, which it adopted from the PSR, and its three-level downward departure from the total offense level in order to "allow Moreno to fall into a guideline range encompassing a sentence of 240 months."  Id. at 85-86.  The district court in turn stated that "[t]hese facts establish [that it]  based Moreno's sentence on the [terms of the] Plea Agreement, not on the drug guideline calculation."  Id. at 86. Further, the district court concluded that "even if [it] were to take a two level reduction from Moreno's original [total offense level] of 41, with a Criminal History Category I, Moreno's guideline range would be 262-327 months, a considerably longer sentence than he received under the Plea Agreement."  Id.

Moreno filed a motion for reconsideration, arguing that the district court failed to recognize that "the plea agreement was based on a base [offense] level of 38 after it applied USSG 3E1.1(a) and (b) Exceptance [sic] of Responsibility." Id. at 88. Moreno further argued that "[b]y claiming [his] new base [offense] level would be 39, the [district court] ignore[d] the fact [Moreno] would still be entitled to a 3-point reduction under USSG 3E1.1(a)-(b)." Id. "Taking away the 3-point reduction," Moreno argued, "would be basically a new sentencing hearing because the plea agreement would be void, which it is not." Id.

The district court denied Moreno's motion for reconsideration. As in its original order denying Moreno's motion, the district court began by outlining in detail its Sentencing Guidelines calculations:

> Defendant's base offense level was 38, he received a two (2) level enhancement for the possession of a deadly weapon, and a four (4) level enhancement based on his role as organizer leader in the conspiracy. At that point Defendant's adjusted offense level was 44. Defendant then received a three (3) level reduction for acceptance of responsibility for a total offense level of 41, Criminal History Category I, and a corresponding guideline range of 324 to 405 months (PSR at ¶ 67). To be clear this includes the three level reduction for acceptance of responsibility.

Id. at 94-95. Therefore, the district court reiterated, "[t]o allow Moreno to get a sentence of 240 months, [it] was required to depart three levels from Moreno's total offense level of 41, to an offense level 38." Id. at 95. "This reduction," the district court stated, "was taken to allow Moreno to fall into a guideline range encompassing a sentence of 240 months as required under the plea agreement." Id. Thus, the district court concluded,

"[t]hese facts establish [that it] based Moreno's sentence on the Plea Agreement, not on the drug guideline calculation." Id.

Shortly after the district court issued its order denying Moreno's motion for reconsideration, Moreno filed a notice of appeal.

III

On appeal, Moreno challenges the district court's order denying his motion to correct sentence. "Because he argues without the aid of counsel, we have read his pleadings liberally." United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013). "And, because the scope of a district court's authority under § 3582(c)(2) is a question of law, our review of the district court's order[s] is de novo." Id.

A term of imprisonment, once imposed, cannot be modified by a district court in the absence of express statutory authority to do so. Id. Section 3582(c)(2) serves as one such grant of authority. Id. It states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In Freeman v. United States, 564 U.S. 522, 525 (2011), the Supreme Court addressed the question of "whether defendants who enter into plea agreements" pursuant

to Fed. R. Crim. P. 11(c)(1)(C) "that recommend a particular sentence as a condition of the guilty plea may be eligible for relief under § 3582(c)(2)." As we noted in Graham, this question "proved fractious for the Freeman Court," with the plurality and the dissent each garnering four votes. 704 F.3d at 1277. "Justice Sotomayor's concurrence," which "charted a middle ground between the plurality and the dissent, . . . is the narrowest grounds of decision and [thus] represents the Court's holding." Id. at 1277-78.

In the context of a Rule 11(c)(1)(C) plea agreement, Justice Sotomayor concluded, "it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced." 564 U.S. at 535. That is because, she explained, "[a]t the moment of sentencing, the court simply implements the terms of the agreement it has already accepted." Id. at 535-36. Thus, she concluded, "the term of imprisonment imposed pursuant to a [Rule 11(c)(1)(C)] agreement is, for purposes of § 3582(c)(2), 'based on' the agreement itself." Id. at 536. "To hold otherwise," she emphasized, "would be to contravene the very purpose of [Rule 11(c)(1)(C)] agreements—to bind the district court and allow the Government and the defendant to determine what sentence he will receive." Id.

Justice Sotomayor cautioned, however, that "[t]hese conclusions . . . do not mean that a term of imprisonment imposed pursuant to a [Rule 11(c)(1)(C)] agreement can *never* be reduced under § 3582(c)(2)." Id. at 538 (emphasis in original). "[S]ome [Rule 11(c)(1)(C)] agreements," she noted, "may call for the defendant to be sentenced within a particular Guidelines sentencing range." Id. "In such cases, the district court's

acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." Id. "Similarly," Justice Sotomayor noted, "a plea agreement might provide for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Id. at 539. "As long as that sentencing range is evident from the agreement itself," Justice Sotomayor concluded, "for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range." Id. In either of these scenarios, Justice Sotomayor emphasized, "the defendant is eligible for sentence reduction" pursuant to § 3582(c)(2) "[i]f th[e] [applicable] Guidelines range is subsequently lowered by the Sentencing Commission." Id. at 538-39.

All of which leads to the question of what Moreno's plea agreement stated with respect to sentencing. The plea agreement did not call for Moreno "to be sentenced within a particular Guidelines sentencing range." Id. at 538. Instead, it stated "that both [Moreno] and the United States w[ould] recommend that the [district] court sentence [Moreno] to a 20 year period of imprisonment" and "five years of supervised release." ROA, Vol. II at 210. And, although the plea agreement made fleeting and unnecessary references to the Sentencing Guidelines—specifically to the use of relevant conduct under U.S.S.G. § 1B1.3 and to Moreno's entitlement to a three-level reduction pursuant to

U.S.S.G. § 3E1.1 for acceptance of responsibility—it did not "make clear that the basis for the specified term [wa]s a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." 564 U.S. at 539. Indeed, the PSR's sentencing calculations, which were ultimately adopted by the district court without objection by either party, establish that the 20-year sentence specified in the plea agreement could not have been the simple product of routine Guidelines calculations. This is confirmed by the district court's statements, both at the time of sentencing and more recently in denying Moreno's motions, that it had to depart downward three offense levels in order to reach an advisory Guidelines sentencing range that would accommodate the parties' proposed sentence.[2] In light of these facts, we agree with the district court that Amendment 782 did not render Moreno eligible for a sentence reduction pursuant to § 3582(c)(2).

The only disagreement we have with the district court's ruling is that, rather than denying Moreno's motion to correct sentence, the district court should have dismissed it for lack of jurisdiction. That is because § 3582(c)(2) grants jurisdiction to a district court only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 28 U.S.C. § 3582(c)(2). Consequently, we must vacate the district court's order and remand with directions to enter an order dismissing Moreno's motion for lack

_____

[2] Because the Sentencing Guidelines are advisory in nature, United States v. Booker, 543 U.S. 220, 245 (2005), it was unnecessary in our view for the district court to depart downward in order to arrive at an advisory Guidelines sentencing range that would accommodate the stipulated sentence set forth in the plea agreement.

of jurisdiction.

IV

Moreno's request for oral argument is DENIED.  The district court's order denying Moreno's motion to correct sentence pursuant to 18 U.S.C. § 3582(c)(2) is VACATED and the case REMANDED to the district court with directions to enter an order dismissing the motion for lack of jurisdiction.

Entered for the Court


Mary Beck Briscoe
Circuit Judge