**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

PEDRO MORENO,

　　Defendant - Appellant.

No. 16-8119
(D.C. No. 2:02-CR-00125-NDF-2)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

　　Pedro Moreno, appearing pro se, appeals a district court order dismissing his

18 U.S.C. § 3582(c)(2) motion for lack of jurisdiction.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

　　In April 2003, Moreno was sentenced to 240 months' imprisonment pursuant

to a plea agreement.  Moreno subsequently filed a § 3582(c)(2) motion requesting a

sentence reduction based on an amendment to the Guidelines.  The district court

denied the motion, concluding that Moreno was not entitled to a reduction because

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his sentence was imposed based on a plea agreement, not the Guidelines.  On appeal, this court affirmed the district court's conclusion, but vacated the order and remanded with directions to dismiss Moreno's motion for lack of jurisdiction.  United States v. Moreno, 658 F. App'x 913 (10th Cir. 2016) (unpublished).  The district court subsequently did so, and it is from that order that Moreno now appeals.

As explained in this court's prior decision, because Moreno was not sentenced pursuant to the Guidelines, the district court lacked jurisdiction to consider his motion under the explicit terms of § 3582(c)(2).  Moreno, 658 F. App'x at 917.  On remand, the district court was required to dismiss for lack of jurisdiction, consistent with this court's instruction.  See Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997) ("[T]he 'mandate rule[]' provides that a district court must comply strictly with the mandate rendered by the reviewing court." (quotation omitted)).  To the extent Moreno argues that this court's prior order was incorrectly decided, we may not consider his position.  United States v. West, 646 F.3d 745, 748 (10th Cir. 2011) ("The law of the case doctrine precludes relitigation of a ruling of law in a case once it has been decided.").

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

2